LÓPEZ *v.* LÓPEZ.

APPEAL from the District Court of San Juan.

No. 249.—Decided June 26, 1908.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE.—Where an appeal is taken after the expiration of 15 days provided for by the last paragraph of subdivision one of article 295 of the Code of Civil Procedure, this court cannot review the evidence and determine whether or not the judgment appealed from is contrary thereto, but it must disregard the statement of the case and confine its consideration to the judgment roll and the documents constituting the same.

DELIVERY OF UNDIVIDED HEREDITARY PORTION—ACTION COMMUNI DIVIDUNDO.— Where an estate has been divided among the heirs and each heir has been awarded an undivided portion, the action which must be brought by a coheir to obtain the material possession of his specific part is the action of *communi dividundo* against all of the participants in the ownership of. the property claimed, in order that as soon as the division of the common property is effected, delivery may be made to him of the definite portion to which he is entitled.

DIVISION OF ESTATE—ACTION FAMILIAE ERCISCUNDAE.—In order ·to obtain the division of an estate the heir wishing to do so must bring an action *familiae erciscundae* under the proper special proceeding.

RECIPROCAL OBLIGATIONS—COMPLIANCE WITH CONTRACT.—A counter claim which does not aver that the cross complaint has complied with the conditions of the contract in so far as they affect him does not state facts sufficient to constitute a cause of action for compliance with a contract obtaining reciprocal obligations because without so doing he cannot require compliance by the other contracting party.

RECIPROCAL OBLIGATIONS—RESOLUTION OF CONTRACT.—In the case of reciprocal obligations in a contract where the party demanding compliance therewith has not himself complied with the obligations that he has assumed, the other party may choose between demanding his compliance therewith or the resolution of the obligation, with indemnity for damages and payment of interest in either case.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy and Campillo* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 12, 1906, Paula López de González brought an action against Antonio López in the District Court of San Juan, alleging the following facts:

"1. That she is the owner of three shares in three rural estates— namely: (*a*) for the sum of $2,679.57 in the rural estate 'Esperanza,' with an area of 145½ *cuerdas* in two parcels; one of 111½ *cuerdas* in *barrio* 'Contorno,' Toa Alta, with a dwelling house, two outhouses for servants, a furnace house, a still, begasse sheds, a shed for drying bricks, machinery and a sugar mill; and the other of 34 *cuerdas* in *barrio* 'Río Lajas,' in Dorado, both parcels being recorded in the registry of property with the boundaries therein stated, said property having been valued in the partition and division of the estate of Dominga Martinas, widow of Salgabo, protocoled in the year 1879, at the sum of $43,757, of which $27,679.57 was awarded to the defendant Antonio López, one of the heirs, and $2,679.57 to each of the remaining heirs, Belén, Manuel, María Cruz, Dominga, Petronila and Paula López Martínez, the plaintiff; (*b*) for the sum of $1,691.80 in estate 'Santa Rosa,' situated in *barrios* 'Mucarabones' and 'Cantero' of Toa Alta, having a dwelling house and sugar and fruit plantations, consisting of 93½ *cuerdas*, also recorded in the registry of property with the boundaries mentioned therein, which estate was valued in the testamentary proceedings at $11,839.50, distributed among the seven heirs mentioned, the plaintiff receiving $1,691.08 and each of the

remaining heirs $1,691.07; (c) for the sum of $2,285.72 in estate 'Puente Flojo,' situated in *barrio* 'Media Luna,' of Toa Baja, consisting of 300 *cuerdas,* having a dwelling house, and likewise recorded in the registry of property with the boundaries mentioned therein, which estate was valued at $16,000 in the testamentary proceedings referred to, $2,285.72 being awarded to each of the heirs Antonio, Petronila and Paula, and $2,285.71 to each of the other heirs named, Belén, Manuel, María Cruz and Dominga.

''2. That the hereditary shares awarded to the plaintiff in the aforesaid manner were derived from Dominga Martínez, the widow of Salgado, who executed a will on April 5, 1872, and died on the same date, having constituted as heirs of her estate, her aforementioned nephews and nieces, all of them in equal parts, excepting Antonio who received an additional $25,000.

''3. That the hereditary share of the plaintiff amounted on August 1, 1879, the date of the division of the estate, to $6,656.37, represented by the three shares of ownership in common awarded in the three estates mentioned.

''4. That upon the death of Andrés López, the father of the plaintiff, in 1879, the hereditary share referred to passed into the possession of her elder brother Antonio López Martínez, who possesses and enjoys it, having refused to deliver it to the plaintiff, notwithstanding her demands, and all that he has occasionally given her amounts to a small income much less than the real product of her inheritance.''

In view of the facts alleged, the plaintiff prayed the district court to order: 1. That Antonio López deliver to her the three hereditary shares which were awarded her in the three rural estates, amounting to 6,656.57 provincial *pesos,* with the increased value the lands now have; in just proportion, according to the present value of the three estates; 2. That the defendant render an accounting duly supported by vouchers of the products of the three shares of ownership in common, taking into consideration the said increase in the value of the lands since 1879; 3. That the defendant deliver to her the balance of said account with legal interest, when it shall have been approved; 4. That the defendant pay the costs and expenses of the action.

The defendant, Antonio López Martínez answered the complaint and filed a cross complaint, alleging the following facts:

"1. That the plaintiff, after having lived for more than 18 years in the home of her brother, the defendant, receiving food, clothing, care and medical attendance, left his house to contract marriage with Antonio González Galvarín.

"2. That the expenditures and disbursements made by Antonio López to meet the needs of his sister Paula, exceeded by far the proceeds from the portion of the property which she had inherited from her aunt, Dominga Martínez, under the will executed by the latter on April 7, 1872.

"3. That the plaintiff contracted with the other heirs the obligation to pay the hereditary debts, and the expenses and liabilities for probating the will of Dominga Martínez.

"4. That Paula never contributed any sum whatsoever toward the expenses or maintaining and administering the properties of which the estate of Dominga Martínez consisted, the defendant having been the one who on all occasions sought and obtained means to maintain such property, for the benefit of the plaintiff.

"5. That Paula López having married Antonio González Galvarín, the defendant, delivered to her, her hereditary share under the conditions embodied in a written contract entered into between the parties before witnesses, in Toa Alta, on October 6, 1905, and in said contract the share of Paula in the property constituting it was estimated at $2,200, Paula receiving $1,000 in the value of a one-story house situated in Sol Street, Toa Alta, which she enjoys and is in possession of; and with regard to the remaining $1,200, it was agreed to pay $600 at once, and the remaining $600 after six months, the contracting parties having further agreed that Antonio López would deliver to Paula the deed of ownership of the said house and the latter would execute in favor of the former before a notary an acquittance for her entire inheritance."

On the strength of these facts, and denying the facts alleged in the complaint, both generally and specifically, in so far as they do not agree therewith, the defendant prayed that the complaint be dismissed and the plaintiff adjudged to execute the written contract entered into on October 6, 1905, with all the costs against her.

"1. That upon the death of Andrea López, which took place in 1879, all the minor daughters of López, including the plaintiff, continued to live in the family house under the guardianship of their eldest brother, Antonio, the defendant, who took charge of the administration of all the property of said sisters, and as he received the profits and income, it was also just that he should defray the expenses and provide for the support of his little sisters, especially when under the law he was to be their tutor and guardian.

"2. That the expenses of the plaintiff could never have exceeded the income from the fertile lands which were always in a good condition of cultivation producing abundant crops.

"3. That it is for the purpose of ascertaining the expenses and profits that an accounting is sought in the complaint.

"4. That the private agreement of October 6, 1905, is void, as it was due to deception on the part of the defendant, who took advantage of the credulity and good faith of the plaintiff, and is moreover subject to rescission because the defendant entered into it while in charge of the administration of the undivided property of the plaintiff, without rendering the accounts which are now asked of him, and, furthermore, because the defendant has not complied with such agreement, inasmuch as the house to which he refers is not worth one-half the amount at which it has been appraised, nor has the delivery thereof been made through the proper deed, the defendant also having failed to deliver the 600 *pesos* which he offered to pay the plaintiff forthwith.

"She prayed that the cross complaint be dismissed and that the agreement invoked as ground therefor be declared null and subject to rescission."

The trial having been had, the court rendered judgment on November 16, 1907, entered on the 18th of said month, adjudging the defendant to deliver to the plaintiff within the period of 10 days the house situated on Sol Street, in the town of Dorado, constructed of imported lumber and having a galvanized-iron roof, valued at $1,000, to which reference is made in the contract of October 6, 1905, by executing the proper public deed; and that within the same term of 10 days the defendant pay the plaintiff in cash the sum of $1,200, the plaintiff being adjudged, upon receipt of the house and the money referred to, and within the period of three days after said date

to execute before a notary an acquittance for the inheritance left her by Dominga Martínez, widow of Salgado, who died leaving a will, on April 7, 1872, without any special taxation of costs.

Counsel for Paula López took an appeal from said judgment on December 14, 1907, and for the decision thereof the proper transcript of the record, containing a statement of facts approved by the judge has been received in this Supreme Court.

As said appeal was taken after the expiration of the term of 15 days prescribed by the last paragraph of subdivision one of section 295 of the Code of Civil Procedure, we cannot review the evidence and discuss whether it agrees or not with the judgment appealed from, for which reason we must dispense with the statement of facts and confine ourselves in the decision of the appeal to an examination of the judgment roll and the documents composing it.

Counsel for Paula López has presented in his brief the following questions to the consideration of this Supreme Court: 1. The defendant having admitted that his sister, the plaintiff, is a coowner with him in the estate of his aunt, Dominga Martínez, and he being in possession of the share of his sister, Paula López, the right of the latter to demand the delivery of such share is indisputable, because no coheir can be compelled to remain in possession of the inheritance without partition unless the testator should prohibit it, according to section 1018 of the Civil Code, and consequently it is the duty of the defendant to render to the plaintiff an accounting of the administration of her property from the year 1879 to the date he turns it over to her; 2. The contract of October 6, 1905, entered into between the plaintiff and the defendant is null according to subdivision two of section 1362 of the Civil Code, inasmuch as Antonio López had and still has the character of an implied agent of his sister, Paula López, whose property he has been administering since the year 1879, as An-

tonio has acknowledged in his allegations; 3. Even were legal value given to the said contract of agreement, the plaintiff has the right to demand the rescission of the same, in accordance with the provisions of section 1091 of the Civil Code, inasmuch as the defendant has not complied therewith, as may be deduced from the judgment appealed from which adjudges the latter to deliver the house with its deed and the $1,200 in money.

Upon examining the complaint, we find the facts stated therein are not sufficient to constitute a cause of action with relation to the claims of the plaintiff.

Admitting that in the settlement of the estate of Dominga Martínez the undivided portions of the three rural estates described in the complaint were awarded to Paula López de González and that such shares are being held and enjoyed by the defendant, Antonio López Martínez, who has only on occasions given her an income, and that much lower than the real part of her inheritance, such facts cannot form the basis for a judgment with the pronouncements prayed for by Paula López, but can only rise to an action *communi dividundo* against all the participants in the ownership of the three rural estates in which they hold undivided shares, so that after the division of the thing held in common shall have been made the net share due her may be delivered. Title three of book two of the Civil Code contains the provisions governing community of property, among which we find section 407, which provided that no part owner shall be obliged to remain a party to the common ownership, and section 1019, invoked by the appellant, is not applicable, inasmuch as the estate of Dominga Martínez has already been divided among her heirs. In order to obtain the division of said estate, if it were not already made, as it has been, as alleged by the plaintiff, an action *familiae erciscunde* would lie under the proper special proceeding.

Nor can it be required, on the facts alleged in the complaint, that the defendant render an accounting of the income from the undivided shares of ownership due the plaintiff in the estate of her aunt, Dominga Martínez, for if the administration of the three estates was common, the accounts cannot be confined exclusively to such shares, but must also be common in order to deduce therefrom the balance for or against the plaintiff in proportion to the value of her shares in said estates.

Examining now the facts on which the defendant bases his cross complaint to ask that the plaintiff be compelled to comply with the contract of October 6, 1905, the conditions whereof the defendant recites, we are of the opinion that neither do such facts constitute a cause of action justifying the rendition of judgment in the terms prayed for by the defendant, for it is not claimed therein that he had complied with the conditions of such agreement in so far as he was concerned, for which reason he could not require Paula López to execute before a notary an acquittance in his favor for the entire inheritance.

Section 1091 provided that the power to rescind obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him, and that the person prejudiced may choose between exacting the fulfillment of the obligation or its rescission with indemnity for damages and payment of interest in either case, which provision is applicable to a contract of purchase and sale, according to section 1409 of the Code cited. Paula López, in answering the cross complaint, prayed for the rescission of the contract because Antonio López had not complied with his part thereof; and that he had not complied therewith is revealed by the judgment appealed from which adjudges him to deliver to the plaintiff the one-story house to which the contract refers, executing in her favor the proper public deed, and further ordering him to deliver to her the sum of $1,200,

which house and money, according to the cross complaint, constituted the value of the hereditary share of Paula López.

Said judgment does not decide anything in an explicit manner as to the claims of the plaintiff; but from the terms in which it is drafted, it may be deduced that such claims have been dismissed, because they are incompatible with the agreement the execution whereof is ordered. Good practice required that the judgment should decide in an express manner the rights of the parties in an action or proceeding.

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed in so far as it implicitly dismisses the complaint, and that it should be reversed in so far as it directs the execution of the agreement which served as a basis for the cross complaint, both the complaint and the cross complaint being dismissed on the ground that the facts alleged in either do not constitute a cause of action, with the costs of the action and appeal without any special taxation.

*Accordingly decided.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.